UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LORI P. MITCHELL, | ) | Case No. 08-CV-1911 (DC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **THIRD AMENDED COMPLAINT** |
| v. | ) | |
| | ) | |
| MACY'S, INC., MACY'S RETAIL HOLDINGS, INC., USI SERVICES GROUP, INC., PATRICK PICA, and FRANK GRAHAM, | ) ) ) ) | |
| | ) | |
| Defendants. | | |

Plaintiff, Lori P. Mitchell, sues Defendants Macy's, Inc., Macy's Retail Holdings, Inc., USI Services Group, Inc., Patrick Pica, and Franck Graham, and alleges:

**Introduction**

1. This is a sexual harassment and retaliation action by Lori P. Mitchell against her former employer, Macy's, her direct supervisor Patrick Pica and his employer, USI Services Group, Inc., and a co-worker Frank Graham, for sexual harassment and retaliation, arising from her employment at a Macy's store. Plaintiff sues for damages and injunctive relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991, the New York State Human Rights Law, N.Y. Exec. Law 290 to 297, and New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107(1)(a) and (16), and invokes the Court's supplemental jurisdiction for the state and city claims. Plaintiff also sues for unpaid wages under the federal Fair Labor Standards Act and the New York Labor Law. Plaintiff additionally seeks

1

punitive damages and her litigation expenses and a reasonable attorney's fee.

## Jurisdiction

2. This action arises under Title VII of the Civil Rights of 1964, 42 U.S.C. §§ 2000e, <u>et seq</u>. Jurisdiction is founded on 42 U.S.C. §§ 2000e-5(f)(3), 28 U.S.C. §§ 1331 and 1343(3) and (4). The Court has supplemental jurisdiction over the state and city human rights law claims.

3. Venue is proper in the Southern District of New York, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b), because the claim arose there.

## Parties

4. Plaintiff, Lori P. Mitchell (hereafter "Plaintiff" or "Mitchell"), was employed at the Macy's department store located at 151 West 34th Street, New York, NY, owned by Macy's Retail Holdings, Inc. and its parent Macy's Inc. (hereafter jointly referred to as "Macy's), in the housekeeping department. Macy's Retail Holdings, Inc. is a wholly owned subsidiary of Macy's Inc. Mitchell is a member of a class protected by Title VII of the Civil Rights Act of 1964, in that she is female, and she protested acts made illegal by Title VII.

5. Defendants, Macy's, Inc., f/k/a Federated Department Stores, Inc., and Macy's Retail Holdings, Inc., f/k/a Federated Retail Holdings, Inc., have corporate offices in Cincinnati and New York, and their Macy's East division, with its headquarters in New York, New York, operates the Macy's department store located at 151 West 34th Street, New York, NY. Macy's Retail Holdings, Inc. is a New York corporation, and its parent company, Macy's Inc. is an Ohio corporation. At all times material, Macy's employed more than fifteen persons, and was an "employer" as envisioned by 42 U.S.C. § 2000e(b) and the state and city human rights laws.

6. Defendant Patrick Pica ("Pica"), who was Plaintiff's supervisor, and was employed by defendants Macy's and USI Services Group, Inc., is on information and belief a resident of Kings

County, New York.

7.     Defendant USI Services Group, Inc. ("USI"), a New Jersey corporation, with its principal place of business in Springfield, New Jersey, was Plaintiff's joint employer at Macy's, and is liable for the actions of its supervisor defendant Pat Pica.

8.     Defendant Frank Graham, who was plaintiff's co-worker at Macy's, and participated in, and aided and abetted, the illegal conduct alleged herein, is on information and belief a resident of the City of New York.

## Compliance With Procedural Requirements

9.     On or about May 10, 2007, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights, which was simultaneously filed with the EEOC and the New York city Commission on Human Rights, pursuant to a work-sharing arrangement.

10.    On or about January 10, 2008, the EEOC issued a Notice of Right to Sue, thereby entitling Plaintiff to file a civil action in this Court.

11.    Plaintiff has served or will shortly serve a copy of this complaint on upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, in accordance with N.Y.C. Admin. Code Section 8-502(c).

## General Allegations

12.    Mitchell worked in the housekeeping department at Macy's from 2006 through April 2007. Her work performance was very good.

13.    Beginning in early February 2007, during her employment, Mitchell was subjected to unwelcome sexual advances by a co-worker defendant Graham, which were continuous and severe

3

enough to create a hostile work environment.

14. Mitchell promptly reported the sexual harassment by Graham to Macy's, USI, and Pica, by giving Pica a written summary of the sexual harassment on February 8, and giving Macy's human resources department a written summary of the sexual harassment on February 9, 2007.

15. Despite her complaints, Macy's and USI did not take prompt remedial action, and instead forced her to continue working with Graham alone in the basement for a number of weeks. During that time, she continued to complain to Macy's, USI, and Pica that they should not be forcing her to continue to work with him. Being forced to continue working with him was particularly disturbing to Mitchell, because she had previously been raped by a man.

16. When he heard that she had complained, Graham offered Mitchell fifty dollars if she would drop the complaints and keep the matter quiet. Mitchell reported this offer to Macy's, USI, and Pica as well. In response, Pica told Mitchell that she should have taken the money, and "give me some."

17. Macy's, USI, and Pica failed to take prompt remedial action, and instead ignored Mitchell's complaints and made fun of them, thereby contributing to the hostile work environment and making the working conditions more abusive.

18. Subsequently, in about April 2007, Macy's, Inc., USI, and Pica retaliated against Mitchell, by fabricating a false excuse to terminate her, and then denying her claim for unemployment compensation benefits based on false derogatory statements about her.

19. Mitchell has suffered severe emotional distress and well as severe financial hardship and disruption to her life as a result of the hostile work environment, termination, and retaliation.

20. Despite her diligent efforts, Mitchell has been unable to find comparable new employment.

21. Macy's gave USI, Pica, and Graham, actual and/or apparent authority to continue to affect the terms and conditions of Plaintiff's employment.

22. Defendants' actions were undertaken maliciously and with reckless disregard for the rights of Plaintiff.

### Count I/Title VII Claim for Hostile Environment

23. Plaintiff realleges and adopts the foregoing allegations, as if fully set forth herein.

24. The acts alleged above constituted hostile-environment discrimination as proscribed by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

25. The adverse treatment to which Plaintiff was subjected was based upon her being a woman.

26. The conduct of Defendants Macy's and USI deprived Plaintiff of her statutory rights under 42 U.S.C. § 2000e, et seq., i.e., Plaintiff, by being subjected to the adverse treatment more particularly alleged above, was affected in a "term, condition or privilege" of employment.

27. As a direct, natural, proximate and foreseeable result of the actions of Defendants Macy's and USI, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays that this Court will enter a judgment for Plaintiff and against Defendants Macy's and USI for the following relief:

A. An award of damages, including but not limited to loss of wages, benefits,

and promotional opportunities, and reinstatement or an award of front pay to compensate plaintiff for loss of future salary and benefits and career opportunities;

    B.    An award of damages for mental anguish, humiliation, embarrassment, and emotional injury;

    C.    An award of punitive damages;

    D.    An award of reasonable attorneys' fees and the costs of the action; and

    E.    Such other and further relief as the Court may deem just and proper.

### Count II/Title VII Claim for Retaliation

28.    Plaintiff realleges the foregoing allegations as if fully set forth herein.

29.    Plaintiff, by being subjected to the adverse treatment by Defendants more particularly described above, was affected in a "term, condition or privilege of employment," as proscribed by 42 U.S.C. § 2000e-2(a)(1), based on the fact that she opposed a practice that she reasonably believed was unlawful under Title VII.

30.    As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays that this court will enter a judgment for Plaintiff and against Defendants Macy'sand USI for the following relief:

    A.    An award of damages, including but not limited to loss of wages, benefits, and promotional opportunities, and reinstatement or an award of front pay to compensate plaintiff for loss of future salary and benefits and career opportunities;

B. An award of damages for mental anguish, humiliation, embarrassment, and emotional injury;

C. An award of punitive damages;

D. An award of reasonable attorneys' fees and the costs of the action; and

E. Such other and further relief as the Court may deem just and proper.

**Count III /New York State Human Rights Law Claim for Hostile Environment**

31. Plaintiff realleges and adopts the foregoing allegations as if fully set forth herein.

32. The acts more particularly alleged above constitute hostile-environment discrimination as proscribed by the New York State Human Rights Law.

33. The adverse treatment to which Plaintiff was subjected was based upon her being a woman.

34. Defendants USI, Pica and Graham engaged in the discriminatory practices described above, participated in the discriminatory practices, and aided and abetted the discriminatory practices.

35. The conduct of Defendants deprived Plaintiff of her statutory rights under the New York State Human Rights Law, i.e., Plaintiff was subjected to the adverse treatment more particularly alleged above.

36. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays that this Court will enter a judgment for Plaintiff and against

Defendants Macy's, Inc., USI, Pica, and Graham, for the following relief:

 A. An award of damages, including but not limited to loss of wages, benefits, and promotional opportunities, and reinstatement or an award of front pay to compensate plaintiff for loss of future salary and benefits and career opportunities;

 B. An award of damages for mental anguish, humiliation, embarrassment, and emotional injury;

 C. An award of punitive damages;

 D. An award of reasonable attorneys' fees and the costs of the action; and

 E. Such other and further relief as the Court may deem just and proper.

**Count IV/New York State Human Rights Claim for Retaliation**

37. Plaintiff realleges the foregoing allegations as if fully set forth herein.

38. Defendants USI, Pica, and Graham, engaged in the discriminatory practices described above, participated in the discriminatory practices, and aided and abetted the discriminatory practices.

39. Plaintiff, by being subjected to the adverse treatment by Defendants more particularly described above, was deprived of her rights under the New York State Human Rights Law, based on the fact that she opposed a practice that she reasonably believed was unlawful under the New York State Human Rights Law.

40. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays that this court will enter a judgment for Plaintiff and against Defendants Macy's, Inc., USI, Pica and Graham for the following relief:

A.  An award of damages, including but not limited to loss of wages, benefits, and promotional opportunities, and reinstatement or an award of front pay to compensate plaintiff for loss of future salary and benefits and career opportunities;

B.  An award of damages for mental anguish, humiliation, embarrassment, and emotional injury;

C.  An award of punitive damages;

D.  An award of reasonable attorneys' fees and the costs of the action; and

E.  Such other and further relief as the Court may deem just and proper.

### Count V/New York City Human Rights Law Claim for Hostile Environment

41. Plaintiff realleges and adopts the foregoing allegations as if fully set forth herein.

42. The acts more particularly alleged above constitute hostile-environment discrimination as proscribed by the New York City Human Rights Law.

43. The adverse treatment to which Plaintiff was subjected was based upon her being a woman.

44. Defendants USI, Pica and Graham engaged in the discriminatory practices described above, participated in the discriminatory practices, and aided and abetted the discriminatory practices.

45. The conduct of Defendants deprived Plaintiff of her statutory rights under the New York City Human Rights Law, i.e., Plaintiff was subjected to the adverse treatment more

particularly alleged above.

46. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays that this Court will enter a judgment for Plaintiff and against Defendants Macy's, Inc., USI, Pica, and Graham, for the following relief:

A. An award of damages, including but not limited to loss of wages, benefits, and promotional opportunities, and reinstatement or an award of front pay to compensate plaintiff for loss of future salary and benefits and career opportunities;

B. An award of damages for mental anguish, humiliation, embarrassment, and emotional injury;

C. An award of punitive damages;

D. An award of reasonable attorneys' fees and the costs of the action; and

E. Such other and further relief as the Court may deem just and proper.

### Count VI/New York City Human Rights Claim for Retaliation

47. Plaintiff realleges the foregoing allegations as if fully set forth herein.

48. Defendants USI, Pica, and Graham, engaged in the discriminatory practices described above, participated in the discriminatory practices, and aided and abetted the discriminatory practices.

49. Plaintiff, by being subjected to the adverse treatment by Defendants more particularly described above, was deprived of her rights under the New York City Human Rights Law, based on

the fact that she opposed a practice that she reasonably believed was unlawful under the New York City Human Rights Law.

50. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays that this court will enter a judgment for Plaintiff and against Defendants Macy's, Inc., USI, Pica and Graham for the following relief:

A. An award of damages, including but not limited to loss of wages, benefits, and promotional opportunities, and reinstatement or an award of front pay to compensate plaintiff for loss of future salary and benefits and career opportunities;

B. An award of damages for mental anguish, humiliation, embarrassment, and emotional injury;

C. An award of punitive damages;

D. An award of reasonable attorneys' fees and the costs of the action; and

E. Such other and further relief as the Court may deem just and proper.

### Count VII/Fair Labor Standards Act

51. Plaintiff realleges the foregoing allegations as if fully set forth herein.

52. Defendants Macy's and USI failed to pay plaintiff for hours worked, including hours worked on July 22, 2006, January 26, 2007, and April 15, 2007.

53. Defendant Macy's and USI's failure to pay plaintiff constitutes a violation of the minimum wage provisions of the federal Fair Labor Standards Act.

WHEREFORE, plaintiff demands judgment against Defendants Macy's and USI for unpaid wages, interest, costs, liquidated damages, and attorney's fees, provided under the FLSA, and such other and further relief the Court deems just and proper.

### Count VIII/Unpaid Wages under New York Labor Law

54. Plaintiff realleges the foregoing allegations as if fully set forth herein.

55. Defendants Macy's and USI failed to pay plaintiff for hours worked, including hours worked on July 22, 2006, January 26, 2007, and April 15, 2007.

56. Defendant Macy's and USI's failure to pay plaintiff constitutes a violation of the New York Labor Law.

WHEREFORE, plaintiff demands judgment against defendants Macy's and USI for unpaid wages, interest, costs, and attorney's fees provided under the New York Labor Law, and such other and further relief the Court may deem just and proper.

### Jury Trial Demand

Jury trial is hereby demanded on all counts.

Dated: May 15, 2008

Respectfully submitted,

GALLET DREYER & BERKEY LLP
845 Third Avenue - 8th Floor
New York, New York 10022
Tel. (212) 935-3131
Fax. (212) 935-4514
Email: dta@gdblaw.com

By: _____
David T. Azrin (DA 4747)