UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI P. MITCHELL,<br><br>        Plaintiff,<br><br>v.<br><br>MACY'S, INC., MACY'S RETAIL HOLDINGS, INC., USI SERVICES CORPORATION, PATRICK PICA, and FRANK GRAHAM,<br><br>        Defendants. | Civil Action No. 08-CV-1911 (DC)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MACY'S INC. AND MACY'S RETAIL HOLDINGS, INC.** |

Defendants Macy's, Inc. and Macy's Retail Holdings, Inc. (collectively "Macy's"), answer the numbered paragraphs of Plaintiff's Second Amended Complaint ("Complaint") in this matter as follows:

### Introduction

1. Paragraph 1 sets forth an introductory paragraph and summary of the claims alleged in the Complaint to which no responsive pleading is required. To the extent a response is required, Macy's denies that it violated any law with respect to Plaintiff and otherwise denies liability to Plaintiff.

### Jurisdiction

2. Paragraph 2 sets forth a legal conclusion to which no responsive pleading is required.

3. Paragraph 3 sets forth a legal conclusion to which no responsive pleading is required.

## Parties

4. Macy's admits that Plaintiff was employed by Macy's Retail Holdings, Inc. at the Macy's department store located at 151 West 34th Street, New York, NY; that Macy's Retail Holdings, Inc. is a wholly owned subsidiary of Macy's, Inc.; and, that Plaintiff is female. Macy's denies the remaining allegations contained in Paragraph 4.

5. Macy's denies the allegations contained in the first two sentences of Paragraph 5. The third sentence of Paragraph 5 sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required to the third sentence of Paragraph 5, it is denied.

6. Macy's denies the allegations contained in Paragraph 6.

7. Macy's is without information sufficient to form a belief as to the truth of the matters asserted in Paragraph 7, and therefore denies the same. Further, Paragraph 7 sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 7 is denied.

8. Macy's admits that Frank Graham was an employee of Macy's Retail Holdings, Inc., but otherwise denies the allegations contained in Paragraph 8.

9. Macy's admits that Plaintiff filed a charge of discrimination with the New York State Division of Human Rights, but is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies the same.

10. Macy's admits that it received a "Dismissal and Notice of Rights" from the EEOC dated January 10, 2008, but otherwise denies the allegations contained in Paragraph 10. Further answering, Macy's states that the New York State Division of Human Rights issued a "Determination and Order After Investigation" dated October 31, 2007 in which it found "no

probable cause to believe" that Macy's "has engaged in or is engaging in the unlawful discriminatory practice complained of" and dismissed Plaintiff's charge.

11. Macy's is without information sufficient to form a belief as to the truth of the matter asserted in Paragraph 11, and therefore denies the same.

### General Allegations

12. Macy's admits that Plaintiff was employed from on or about October 26, 2005 through on or about May 25, 2007 as a housekeeper, but otherwise denies the allegations contained in Paragraph 12.

13. Macy's denies the allegations contained in Paragraph 13.

14. Macy's denies the allegations contained in Paragraph 14.

15. Macy's denies the allegations contained in Paragraph 15.

16. Macy's is without information sufficient to form a belief as to the truth of the matters asserted in the first and third sentences of Paragraph 16, and therefore denies the same. Macy's admits that Plaintiff reported that Mr. Graham had made her an offer, as alleged in the second sentence of Paragraph 16. Macy's denies the remaining allegations contained in Paragraph 16.

17. Macy's denies the allegations contained in Paragraph 17.

18. Macy's admits that it terminated Plaintiff's employment effective on or about May 25, 2007. Macy's denies the remaining allegations contained in Paragraph 18.

19. Macy's denies the allegations contained in Paragraph 19.

20. Macy's is without information sufficient to form a belief as to the truth of the matters asserted in Paragraph 20, and therefore denies the same.

21. Paragraph 21 sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Macy's denies the allegations contained in Paragraph 21.

22. Macy's denies the allegations contained in Paragraph 22.

### Count I / Title VII Claim for Hostile Environment

23. Macy's repeats and incorporates by reference its responses set forth in Paragraphs 1-22 of this Answer.

24. Macy's denies the allegations contained in Paragraph 24.

25. Macy's denies the allegations contained in Paragraph 25.

26. Macy's denies the allegations contained in Paragraph 26.

27. Macy's denies the allegations contained in Paragraph 27, and denies that Plaintiff is entitled to any relief requested in the paragraphs following Paragraph 27 of the Complaint.

### Count II / Title VII Claim for Retaliation

28. Macy's repeats and incorporates by reference its responses set forth in Paragraphs 1-27 of this Answer.

29. Macy's denies the allegations contained in Paragraph 29.

30. Macy's denies the allegations contained in Paragraph 30, and denies that Plaintiff is entitled to any relief requested in the paragraphs following Paragraph 30 of the Complaint.

### Count III / New York State Human Rights Law Claim for Hostile Environment

31. Macy's repeats and incorporates by reference its responses set forth in Paragraphs 1-30 of this Answer.

32. Macy's denies the allegations contained in Paragraph 32.

33. Macy's denies the allegations contained in Paragraph 33.

34. Macy's denies the allegations contained in Paragraph 34.

35. Macy's denies the allegations contained in Paragraph 35.

36. Macy's denies the allegations contained in Paragraph 36, and denies that Plaintiff is entitled to any relief requested in the paragraphs following Paragraph 36 of the Complaint.

### Count IV / New York State Human Rights Claim for Retaliation

37. Macy's repeats and incorporates by reference its responses set forth in Paragraphs 1-36 of this Answer.

38. Macy's denies the allegations contained in Paragraph 38.

39. Macy's denies the allegations contained in Paragraph 39.

40. Macy's denies the allegations contained in Paragraph 40, and denies that Plaintiff is entitled to any relief requested in the paragraphs following Paragraph 40 of the Complaint.

### Count V / New York City Human Rights Law Claim for Hostile Environment

41. Macy's repeats and incorporates by reference its responses set forth in Paragraphs 1-40 of this Answer.

42. Macy's denies the allegations contained in Paragraph 42.

43. Macy's denies the allegations contained in Paragraph 43.

44. Macy's denies the allegations contained in Paragraph 44.

45. Macy's denies the allegations contained in Paragraph 45.

46. Macy's denies the allegations contained in Paragraph 46, and denies that Plaintiff is entitled to any relief requested in the paragraphs following Paragraph 46 of the Complaint.

### Count VI / New York City Human Rights Claim for Retaliation

47. Macy's repeats and incorporates by reference its responses set forth in Paragraphs 1-46 of this Answer.

48. Macy's denies the allegations contained in Paragraph 48.

49. Macy's denies the allegations contained in Paragraph 49.

50. Macy's denies the allegations contained in Paragraph 50, and denies that Plaintiff is entitled to any relief requested in the paragraphs following Paragraph 50 of the Complaint.

### Count VII / Fair Labor Standards Act

51. Macy's repeats and incorporates by reference its responses set forth in Paragraphs 1-50 of this Answer.

52. Macy's denies the allegations contained in Paragraph 52.

53. Macy's denies the allegations contained in Paragraph 53, and denies that Plaintiff is entitled to any relief requested in the paragraph following Paragraph 53 of the Complaint.

### Count VIII / Unpaid Wages under New York Labor Law

54. Macy's repeats and incorporates by reference its responses set forth in Paragraphs 1-54 of this Answer.

55. Macy's denies the allegations contained in Paragraph 55.

56. Macy's denies the allegations contained in Paragraph 56, and denies that Plaintiff is entitled to any relief requested in the paragraph following Paragraph 56 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

All adverse actions against the Plaintiff were based upon legitimate, non-discriminatory and/or non-retaliatory factors other than Plaintiff's gender.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails based upon the doctrine of laches, estoppel, unclean hands, consent, waiver, and/or acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately mitigate her damages, entitlement to which is expressly denied.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not meet the minimum qualifications for her position.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were caused in whole or in part as a result of Plaintiff's own actions, for which Defendants have no liability.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to adequately exhaust her administrative remedies and/or failure to fulfill the procedural and/or administrative and/or judicial prerequisites for maintaining this action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the New York State and New York City Human Rights Laws fail because she elected to pursue her claims before the New York State Division of Human Rights, and the New York State Division of Human Rights conducted an investigation and dismissed the complaint by way of a "Determination and Order After Investigation" dated October 31, 2007.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to allege facts which would entitle her to punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Any entitlement of Plaintiff to punitive damages for the alleged discriminatory employment decisions of Macy's is contrary to Macy's good faith efforts to comply with all equal employment opportunity laws.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated any decision affecting Plaintiff's employment (which Macy's specifically deny), Macy's would have taken the same action against Plaintiff but for such discriminatory intent or motive.

## THIRTEENTH AFFIRMATIVE DEFENSE

Macy's, Inc. is not a proper party to this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to a tangible employment action and Macy's took reasonable care to prevent and correct promptly any alleged sexually harassing behavior, and Plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities, or otherwise avoid harm.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts demonstrating that she is entitled to liquidated damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of an accord and satisfaction, and/or by virtue of acceptance of payment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff was paid all wages and remuneration due as required by law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because all actions and/or omissions complained of were not willful but were made in good faith and based on reasonable grounds for believing such actions and/or omissions were not in violation of the Fair Labor Standards Act, New York Labor Laws, and all applicable regulations, and/or other applicable law.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

### TWENTIETH AFFIRMATIVE DEFENSE

Macy's reserves the right to amend this Answer to add such affirmative defenses as warranted by additional investigation and discovery into this case.

**WHEREFORE**, Macy's respectfully requests judgment in its favor dismissing the complaint with prejudice, denying all relief requested therein, and awarding it costs and disbursements in this action together with such other and further relief as the Court deems just and proper.

Dated: May 27, 2008

                                        MORGAN, BROWN & JOY, LLP

                                        _____
                                        Robert P. Joy *
                                        Diane Saunders (DS6500)
                                        Jeffrey S. Siegel*
                                        200 State Street
                                        Boston, MA  02109
                                        (617) 523-6666 (tel.)
                                        (617) 367-3125 (fax)

                                        * *Pro Hac Vice* forthcoming

                                        Attorneys for Defendant Macy's, Inc. and
                                             Macy's Retail Holdings, Inc.

## PROOF OF SERVICE

I hereby certify that on ___May 23, 2008___, the foregoing document was served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Electronic Filing Procedures upon the following parties and participants:

David T. Azrin, Esq.
Gallet Dreyer & Berkey LLP
845 Third Avenue, 8th Floor
New York, NY 10022

_____
Diane M. Saunders, Esq. (DS6500)