UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI P. MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MACY'S, INC., MACY'S RETAIL HOLDINGS, INC., USI SERVICES GROUP, INC., PATRICK PICA, and FRANK GRAHAM,<br><br>　　　　　Defendants. | Civil Case No. 08-CV-1911 (DC)<br><br>**ANSWER TO THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant, USI Services Group, Inc. ("USI"), by its attorneys, Mandelbaum, Salsburg, Gold, Lazris & Discenza, PC, William H. Healey, Esq. appearing, respectfully alleges and states as follows:

**INTRODUCTION**

1. The allegations set forth in paragraph 1 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

**JURISDICTION**

2. The allegations set forth in paragraph 2 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

3. The allegations set forth in paragraph 3 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

## PARTIES

4.  USI denies the allegations set forth in paragraph 4 of the Third Amended Complaint, except lacks knowledge and/or information sufficient to admit or deny the allegations respecting Plaintiff's employment at co-Defendant.

5.  USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 5 of the Third Amended Complaint.

6.  USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 6 of the Third Amended Complaint, except admits that Defendant Pica supervised Plaintiff and that he was employed by USI.

7.  USI admits the allegations set forth in paragraph 7 of the Third Amended Complaint, except denies that USI was Plaintiff's "joint employer."

8.  USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 8 of the Third Amended Complaint.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9.  USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 9 of the Third Amended Complaint.

10. USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 10 of the Third Amended Complaint.

11. USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 11 of the Third Amended Complaint.

## GENERAL ALLEGATIONS

12. USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 12 of the Third Amended Complaint.

13. USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 13 of the Third Amended Complaint, except denies USI's involvement in, and/or knowledge of, any such alleged conduct.

14. USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 14 of the Third Amended Complaint, except denies that alleged any sexual harassment was ever reported to USI.

15. USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 15 of the Third Amended Complaint, except denies that USI had knowledge of any alleged internal complaint by Plaintiff, and denies that USI was involved in any response to any alleged internal complaint by Plaintiff.

16. USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 16 of the Third Amended Complaint, except denies that any alleged incident was ever reported to USI.

17. USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 17 of the Third Amended Complaint, except denies that alleged any sexual harassment was ever reported to USI, that USI was involved in and/or had any knowledge of, any response to alleged internal complaint of sexual harassment, and that USI contributed to any alleged hostile work environment.

18. USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 18 of the Third Amended Complaint, except denies that alleged any sexual harassment was ever reported to USI, that USI was involved in Plaintiff's termination, and that USI retaliated against Plaintiff.

19. USI denies the allegations set forth in paragraph 19 of the Third Amended Complaint.

20.  USI lacks knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 20 of the Third Amended Complaint.

21.  USI denies the allegations set forth in paragraph 21 of the Third Amended Complaint.

22.  USI denies the allegations set forth in paragraph 22 of the Third Amended Complaint.

## COUNT 1

23.  USI repeats and realleges its responses to paragraphs 1-22 of the Third Amended Complaint as if set forth more fully herein.

24.  Count I of the Third Amended Complaint has been withdrawn with prejudice as to USI.

25.  Count I of the Third Amended Complaint has been withdrawn with prejudice as to USI.

26.  Count I of the Third Amended Complaint has been withdrawn with prejudice as to USI.

27.  Count I of the Third Amended Complaint has been withdrawn with prejudice as to USI.

WHEREFORE, USI denies the relief requested in the Wherefore paragraph of Count I of the Third Amended Complaint.

## COUNT II

28.  USI repeats and realleges its responses to paragraphs 1-27 of the Third Amended Complaint as if set forth more fully herein.

29.  Count II of the Third Amended Complaint has been withdrawn with prejudice as to USI.

30.  Count II of the Third Amended Complaint has been withdrawn with prejudice as to USI.

WHEREFORE, USI denies the relief requested in the Wherefore paragraph of Count II of the Third Amended Complaint.

## COUNT III

31. USI repeats and realleges its responses to paragraphs 1-30 of the Third Amended Complaint as if set forth more fully herein.

32. The allegations set forth in paragraph 32 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

33. USI denies the allegations set forth in paragraph 33 of the Third Amended Complaint.

34. USI denies the allegations set forth in paragraph 34 of the Third Amended Complaint.

35. The allegations set forth in paragraph 35 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

36. USI denies the allegations set forth in paragraph 36 of the Third Amended Complaint.

WHEREFORE, USI denies the relief requested in the Wherefore paragraph of Count III of the Third Amended Complaint.

## COUNT IV

37. USI repeats and realleges its responses to paragraphs 1-36 of the Third Amended Complaint as if set forth more fully herein.

38. USI denies the allegations set forth in paragraph 38 of the Third Amended Complaint.

39. The allegations set forth in paragraph 39 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

40. USI denies the allegations set forth in paragraph 40 of the Third Amended Complaint.

WHEREFORE, USI denies the relief requested in the Wherefore paragraph of Count IV of the Third Amended Complaint.

## COUNT V

41. USI repeats and realleges its responses to paragraphs 1-40 of the Third Amended Complaint as if set forth more fully herein.

42. The allegations set forth in paragraph 42 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

43. USI denies the allegations set forth in paragraph 43 of the Third Amended Complaint.

44. USI denies the allegations set forth in paragraph 44 of the Third Amended Complaint.

45. The allegations set forth in paragraph 45 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

46. USI denies the allegations set forth in paragraph 46 of the Third Amended Complaint.

WHEREFORE, USI denies the relief requested in the Wherefore paragraph of Count V of the Third Amended Complaint.

## COUNT VI

47. USI repeats and realleges its responses to paragraphs 1-46 of the Third Amended Complaint as if set forth more fully herein.

48. USI denies the allegations set forth in paragraph 48 of the Third Amended Complaint.

49. The allegations set forth in paragraph 49 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

50. USI denies the allegations set forth in paragraph 50 of the Third Amended Complaint.

WHEREFORE, USI denies the relief requested in the Wherefore paragraph of Count VI of the Third Amended Complaint.

## COUNT VII

51. USI repeats and realleges its responses to paragraphs 1-50 of the Third Amended Complaint as if set forth more fully herein.

52. USI denies the allegations set forth in paragraph 52 of the Third Amended Complaint.

53. The allegations set forth in paragraph 53 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

WHEREFORE, USI denies the relief requested in the Wherefore paragraph of Count VII of the Third Amended Complaint.

## COUNT VIII

54. USI repeats and realleges its responses to paragraphs 1-53 of the Third Amended Complaint as if set forth more fully herein.

55. USI denies the allegations set forth in paragraph 54 of the Third Amended Complaint.

56. The allegations set forth in paragraph 55 of the Third Amended Complaint state a legal conclusion to which no response is required. USI leaves Plaintiff to her proofs.

WHEREFORE, USI denies the relief requested in the Wherefore paragraph of Count VIII of the Third Amended Complaint.

## SEPARATE/AFFIRMATIVE DEFENSES

Having answered the Third Amended Complaint, USI asserts the following separate and affirmatives defenses:

1. The Third Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, because she has not exhausted her administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands.

5. Plaintiff's claims are barred, in whole or part, and/or her recovery of damages should be reduced, because of her failure to take reasonable steps to avoid or mitigate her alleged damages; alternatively, any claim for relief must be set off and/or reduced by any wages, compensation, pay and benefits, or other earnings, renumerations, profits and benefits received by Plaintiff.

6. Any and all damages allegedly sustained by Plaintiff, if any, were proximately caused by and were the sole responsibility of, third parties over whom USI exercised no control or authority.

7. The proximate cause of Plaintiff's alleged injuries, if any, was Plaintiff's own conduct and not that of USI.

8. USI did not engage in any unlawful practice or act.

9. USI had legitimate non-discriminatory reasons for its business decisions as to Plaintiff (if any) including the termination of her employment. Even if impermissible factors were considered, which USI denies were in any way a factor in any decisions, the decisions with respect to Plaintiff would have been made even in the absence of such consideration.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

11. At all times, USI's actions were in accord with all applicable law, rules and regulations.

12. Plaintiff is not entitled to compensatory, liquidated and/or punitive damages.

13. All decisions made by USI with respect to Plaintiff (if any), and all actions taken with respect to Plaintiff (if any), were made in good faith and were based on legitimate and reasonable business-related factors.

14. Insofar as the Third Amended Complaint seeks damages against USI, it must be dismissed in that Plaintiff has sustained no damage.

15. The Third Amended Complaint fails, in whole or in part, to state a claim upon which an award of attorneys' fees and/or punitive damages can be granted.

16. USI did not aid or abet any discrimination against Plaintiff.

17. USI did not violate Title VII of the Civil Rights Act of 1964.

18. USI did not violate the New York State Human Rights Law.

19. USI did not violate the New York City Human Rights Law.

20. USI was, at no time, Plaintiff's employer and/or joint employer.

21. USI is not liable to Plaintiff for discrimination because Defendants exercised reasonable care to prevent such behavior and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by USI and co-defendants.

22. While denying any of the acts complained of by Plaintiff, USI assert that the alleged conduct was not severe or pervasive.

23. While denying the acts complained of by Plaintiff, USI asserts that Plaintiff has failed to demonstrate a pattern of alleged harassment, discrimination or improper conduct of any kind.

24. The alleged acts or omissions of USI were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff.

25. Plaintiff has filed claims against USI that are not well-grounded in fact and law and, thus, were filed in bad faith. USI will seek any and all available remedies against Plaintiff and/or Plaintiff's counsel pursuant to the Rule 11 of the Federal Rules of Civil Procedure.

USI may amend its Answer to the Third Amended Complaint to include additional separate and affirmative defenses upon the completion of discovery.

## REQUEST FOR RELIEF

Having fully answered the Third Amended Complaint, USI requests the following relief:

1. That the Third Amended Complaint be dismissed with prejudice and in its entirety.

2. That USI recover its costs, including attorneys' fees, incurred in defending the Third Amended Complaint to the maximum extent permitted by law.

3. For such other and further relief as the Court may deem just and equitable.

**MANDELBAUM, SALSBURG, GOLD, LAZRIS & DISCENZA, PC**
155 Prospect Avenue
West Orange, New Jersey  07052
(973) 736-4600
Attorneys for Defendant
USI Services Group, Inc.

By:   _/s/ William H. Healey_____
       WILLIAM H. HEALEY

DATED:  June 11, 2008

**CERTIFICATE OF SERVICE**

On June 12, 2008, I caused to be served upon counsel of record, at the address stated below, via Electronic filing, a true and correct copy of the following document: Answer to Third Amended Complaint and Affirmative Defenses.

David T. Azrin, Esq.
Gallet Dreyer & Berkey, LLP
845 Third Avenue- 8th Floor
New York New York  0022-6601

Jeffrey S. Siegel, Esq.
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605

I certify under penalty of perjury that the foregoing is true and correct.

**MANDELBAUM, SALSBURG, GOLD, LAZRIS & DISCENZA, PC**
155 Prospect Avenue
West Orange, New Jersey 07052
(973) 736-4600
Attorneys for Defendant
USI Services Group, Inc.

By:   __/s/ William H. Healey__
         WILLIAM H. HEALEY

DATED:  June 11, 2008

287002